IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30119
Summary Calendar
_____

EHLINGER & ASSOCIATES, A Professional Corporation;
LADD P EHLINGER

                                        Plaintiffs-Appellants,

                        versus

LOUISIANA ARCHITECTS ASSOCIATION

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-2413-R)

_____

December 21, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ehlinger appeals the district court's grant of summary judgment in favor of LAA dismissing his complaint. We affirm.

    The gravamen of Ehlinger's argument on appeal is that LAA engaged in anti-competitive conduct by controlling the LASB. Ehlinger claims that LAA obtained its dominance over the LASB by supporting its members in LASB elections and soliciting the LASB to adopt its positions on various issues. We agree with the district court that "[Ehlinger's] assertions are nothing more than

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allegations that the LAA sought to influence the LASB and succeeded." <u>Ehlinger & Assoc. v. Louisiana Architects Ass'n</u>, 989 F. Supp. 775, 785 (E.D. La. 1998). LAA's actions in lobbying the LASB and campaigning to have its members elected to the LASB are protected from antitrust attack by the <u>Noerr-Pennington</u> doctrine. <u>See</u> <u>Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.</u>, 365 U.S. 127 (1961); <u>United Mine Workers v. Pennington</u>, 381 U.S. 657 (1965). We thus affirm the district court's conclusion that the <u>Noerr-Pennington</u> doctrine bars Ehlinger's federal antitrust claims against LAA.[1]

Ehlinger also contends that the district court improperly dismissed his claims under the Louisiana Unfair Trade Practices Act. According to Ehlinger, the statutory exemption under the LUTPA for "conduct which complies with section 5(a)(1) of the Federal Trade Commission Act", La. Rev. Stat. Ann. § 51:1406(4), does not apply in this case because LAA evaded liability under the FTCA on immunity grounds, not by complying with the Act. Like the district court, we find Ehlinger's argument to be unpersuasive.

Section 5(a)(1) of the FTCA declares unlawful "[u]nfair methods of competition . . . and unfair or deceptive acts or practices in or affecting commerce." By holding that LAA's conduct falls under <u>Noerr</u>, we have recognized that LAA has engaged in protected petitioning activity, not unlawful anti-competitive or deceptive practices. LAA's actions can not be the basis for § 5

---

[1]We affirm the district court on <u>Noerr-Pennington</u> grounds and do not reach the question of state-action immunity.

2

liability; consequently, they qualify for the FTCA exemption in the LUTPA.  See FTC v. Superior Court Trial Lawyers Ass'n, 493 U.S. 411 (1990).

The judgment of the district court is AFFIRMED.